**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4325**

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

       v.

QUINCY WILLIAMS, a/k/a Bandana,

                    Defendant  - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore.   William D. Quarles, Jr., District Judge.  (1:09-cr-00288-WDQ-19)

Submitted:  September 12, 2011    Decided:  September 27, 2011

Before WILKINSON, MOTZ, and WYNN, Circuit Judges.

Dismissed in part; affirmed in part by unpublished per curiam opinion.

G. Godwin Oyewole, McLean, Virginia, for Appellant.   Jonathan Biran, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Quincy Williams pled guilty pursuant to a plea agreement to conspiracy to participate in a racketeering enterprise, in violation of 18 U.S.C. § 1962(d) (2006), and was sentenced to 121 months in prison. Counsel has filed an appeal pursuant to Anders v. California, 386 U.S. 738 (1967). In the Anders brief, counsel states that there are no meritorious grounds for appeal, but nonetheless asks this court to conduct an Anders review. Counsel has also moved for permission to withdraw from further representation of Williams. Williams has not filed a pro se supplemental brief, despite receiving notice of his right to do so. The Government moves to dismiss the appeal, in part, based on the appellate waiver in Williams' plea agreement. We deny counsel's motion to withdraw, dismiss the appeal in part, and affirm in part.

A defendant may waive the right to appeal if that waiver is knowing and intelligent. See United States v. Poindexter, 492 F.3d 263, 270 (4th Cir. 2007). Our independent review of the record supports the conclusion that Williams voluntarily and knowingly waived his right to appeal any sentence within or below an advisory Guidelines range resulting from an adjusted base offense level of thirty-one. Thus, we conclude that the waiver is valid and enforceable.

However, even a valid waiver does not waive all appellate claims. Specifically, a valid appeal waiver does not preclude a challenge to a sentence on the ground that it exceeds the statutory maximum or is based on a constitutionally impermissible factor such as race, arises from the denial of a motion to withdraw a guilty plea based on ineffective assistance of counsel, or relates to claims concerning a violation of the Sixth Amendment right to counsel in proceedings following the guilty plea. See United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005); United States v. Craig, 985 F.2d 175, 178 (4th Cir. 1993). Moreover, the appellate waiver in Williams' plea agreement did not waive any claims Williams may have pertaining to his conviction or to a sentence calculated based on an adjusted base offense level greater than thirty-one. Williams raises no claims that fall outside the scope of his appellate waiver and does not oppose the Government's motion. Thus, we grant the Government's motion to dismiss in part.

Although we are charged under Anders with reviewing the record for unwaived error, we have reviewed the record in this case and have found no unwaived and meritorious issues for appeal. We therefore deny counsel's motion to withdraw, dismiss the appeal in part and affirm in part. This court requires that counsel inform Williams, in writing, of his right to petition the Supreme Court of the United States for further review. If

3

Williams requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Williams. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

DISMISSED IN PART;
AFFIRMED IN PART